## RAY MOTOR CO. *vs.* EDWIN A. FLANDERS.

Penobscot County. Decided July 8, 1925. An action of *indebitatus assumpsit* to secure the balance due on a promissory note given in part payment for an automobile.

The defense was a breach of warranty and also payment. The case was submitted to a jury which rendered a verdict for the plaintiff for $75.00 and interest, being the balance claimed by the plaintiff to be due on the note.

Upon the issue of a breach of warranty, the defendant affirmed, and the plaintiff denied. The jury saw the witnesses and must have believed the plaintiff's witness. This court cannot say from the printed testimony that the jury clearly erred on this issue.

On the issue of payment, the defendant introduced two checks: one for $75.00, given the next day after the note was given and nine days before its maturity, and another check for $25.00, given two months later, which he claims was given in full settlement of the note, though the note was not surrendered at the time, but, as he claims, was to be delivered later.

The plaintiff's witness says only the check for $25.00 was given on the note. It does not undertake, nor was its witness asked either in direct or cross-examination, to account for the specific application of the seventy-five dollar check, if not on the note. It does appear in evidence, however, that the defendant was owing to the plaintiff at some time, a garage bill, which the defendant does not deny, nor is he inquired of concerning it.

Only by inference does the plaintiff deny the application of the seventy-five dollar check on the note, or the defendant claim its payment on account of the note.

Upon this unsatisfactory record this court is asked to find that the jury's verdict was clearly wrong. It would seem that a little effort and inquiry on either side could have cleared up any uncertainty and disclosed the true situation.

The defendant, however, was content to submit the case upon this testimony. Evidently the jury must have been more strongly impressed with the witness for the plaintiff. What this court might have done, if it had passed upon the evidence after hearing and seeing the witnesses, is immaterial.

If the jury believed the witness who testified for the plaintiff, and there is nothing inherently incredible in his testimony, this court cannot say the jury's finding on the issue of payment was clearly wrong. Motion overruled. *William Cole,* for plaintiff. *Wilfred I. Butterfield,* for defendant.